**MEURER STEEL BARREL CO., Inc., v. CLEVELAND STEEL BARREL CO., and three other cases.**

(Circuit Court of Appeals, Sixth Circuit.　November 12, 1920.)

Nos. 3400–3403.

1. **Patents ⊜⇒324(1)—Appeal from decree on supplemental bill not dismissed as too late.**

Defendants in barrel patent infringement suit, after allowance of temporary injunction against them, began manufacturing and selling a new type of barrel; plaintiff filed supplemental petition, claiming infringement by the new type; final decree, entered June 17, 1919, adjudged that plaintiff's patent was valid and infringed by the original type of barrel, and not infringed by the new type, and ordered an accounting as respects the original type; defendants appealed from the decree finding validity and infringement by the original type; on August 30, 1919, plaintiff appealed from the decree finding noninfringement by the new type, and defendant moved to dismiss plaintiff's appeal as being, not from a final decree, from which an appeal might be taken more than 30 days after entry, but from a decree which was interlocutory, because awarding an accounting. *Held* that, the cause of action set out in the supplemental bill being separate and distinct from the original cause of action, plaintiff's appeal from the portion of the decree dealing therewith could be treated as if it were from a separate decree in a separate suit, and, such portion of the decree being final, plaintiff's appeal therefrom would be an appeal from a final decree, notwithstanding the interlocutory nature of that portion of the decree dealing with the original petition.

2. **Patents ⊜⇒328—891,895, for barrel head joint, held valid and infringed; also not infringed by substituted type.**

The Young patent, No. 891,895, *held* valid in so far as it relates to method of attaching chime to the barrel head joint and infringed by defendant's original type of barrel, but not infringed by their substituted type of barrel, manufactured by them after injunction as to original type; for, as the Young patent has little novelty, while it is entitled to protection as to its specific construction, it is not entitled to any broad range of equivalents.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Suits by the Meurer Steel Barrel Company, Incorporated, against the Cleveland Steel Barrel Company and against the Ohio Corrugating Company, respectively. From the decrees, plaintiff and defendants appeal, and defendants move to dismiss plaintiff's appeals. Motions to dismiss overruled, and decrees affirmed.

Robt. S. Blair, of New York City (Emery, Varney, Blair & Hoguet, of New York City, Brockett & Hyde, of Cleveland, Ohio, and Thomas J. Johnston and Manvel Whittemore, both of New York City, on the brief), for plaintiff.

Edward Rector, of Chicago, Ill. (George B. Pitts and Walter L. Flory, both of Cleveland, Ohio, on the brief), for defendants.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. These cases were heard and submitted together. The Meurer Steel Barrel Company, Incorporated, commenced an action in the District Court against the Cleveland Steel Barrel Company, and a separate action against the Ohio Corrugating Company, for infringement of letters patent, No. 891,895, dated June 30, 1908, granted to Frank E. Young, and assigned to the plaintiff. The barrel manufactured by the Cleveland Steel Barrel Company and the barrel manufactured by the Ohio Corrugating Company, which are claimed to be infringements of this patent, are substantially identical, and the records in each of these respective cases are substantially alike, so that they present but a single question.

[1] A preliminary injunction was allowed. Shortly after the allowance of this temporary injunction, each of the defendants began the manufacture and sale of a new type of barrel, which new barrels manufactured by each of these defendants are also alike. The plaintiff thereupon sought to punish the defendants for contempt of court in making and selling this new type of barrel. The court refused to punish for contempt, but suggested that the question as to whether the new type of barrel is identical with the old type, and an infringement of plaintiff's patent, should be determined in a civil action, and further suggested that, to that end, the plaintiff file a supplemental petition in each case, which was done accordingly. Upon final hearing a decree was entered upon the original petition, finding the Young patent, No. 891,895, valid and infringed by each of the defendants in the manufacture and sale of its so-called original type of barrel, and awarding an accounting as to the original petition, and further found upon the supplemental bills that the new type of construction did not infringe the plaintiff's patent, and dismissed the supplemental bill in each case.

The defendant appealed from the decree of the District Court finding the patent in suit valid and infringed by the original type of barrel, and the plaintiff appealed from the decree of the court finding its patent not infringed by the new type and dismissing its supplemental bills. Each of the defendant appellees in the appeals taken by plaintiff below, being causes Nos. 3400 and 3401, filed a motion to dismiss these appeals, for the reason that the decree sought to be appealed from is

not a final order or decree from which an appeal may be taken more than 30 days after entry; but on the contrary an inseparable part of the interlocutory decree awarding an accounting upon the original petition. It appears from this transcript that this decree was entered June 17, 1919, and that plaintiff's petition for appeal in each case was filed August 30, 1919. It is contended on the part of the appellant in each case: First, that no question of jurisdiction is involved, because these cases are before this court on defendants' appeals, and that therefore the court may and will consider any issue presented by the record which can be conveniently disposed of at this time; second, that the decrees from which these appeals were taken are final.

The original infringement, going on when the bill was filed, and the claimed infringement of plaintiff's patent by the new type of barrel, being manufactured and sold by each of these defendants after the temporary injunction had been allowed in the original action, constitute separate and distinct causes of action, and upon the latter cause of action the plaintiff was entitled to bring a separate suit to enjoin this infringement and for assessment of damages. Acting, however, upon the suggestion of the court, it filed supplemental bills in the original action.

If, instead of a supplemental bill being filed, a separate action had been commenced, and in such action the decree of the court were identical with the decree entered by the court upon the supplemental bill, there would be no question as to its finality. Clearly it is not so interwoven or connected with the claims of the original petition as to be incapable of separation therefrom, or prevent it being treated the same as if separate decrees were entered in separate suits.

The complete separability, as a practical proposition, of the issues raised by plaintiff's appeal from those raised by defendant's appeal, appears by the fact that no disposition of the latter can by any possibility require a reversal in the former. The question of infringement by the new type would be equally unaffected, whether the patent is held by this court valid or invalid, and whether or not the first type is held to infringe, and the second type could not be considered on the accounting, whatever the result of defendant's appeal might be. The two appeals ought, in the interest of orderly administration, to be heard together, unless jurisdiction so to do is wholly lacking. We think this is not the case, under the peculiar situation before us. The case is not in its practical aspect the same as if the appeals were from a decree holding certain claims valid and others invalid.

It is clear from the peculiar facts and circumstances of these particular cases that the dismissal of plaintiff's appeal would operate to defeat, instead of to accomplish the purpose and intent of, the statute preventing an appeal of a cause by piecemeal. For the reasons above stated, the motions to dismiss these appeals will be overruled.

[2] The question of the validity of the Young patent has been the subject of judicial investigation at least twice before the present suits were brought, and in both instances this patent was held valid. In the case of Meurer Steel Barrel Co. v. National Enameling & Stamping Co., 242 Fed. 273, the District Court discussed at length the advance of the Young invention over the prior art. The opinion in that case

was read and considered by the District Court, Northern District of Ohio, Eastern Division, in the case of Meurer Steel Barrel Co., Inc., v. Draper Manufacturing Co., 260 Fed. 410, and that court reached the same conclusion. In these cases the same court discussed in detail the decisions in Meurer Steel Barrel Co. v. National Enameling & Stamping Co. and in Meurer Steel Barrel Co., Inc., v. Draper Manufacturing Co., supra, and again reached the same conclusion as to the validity of the Young patent, and further held that defendants' original construction did infringe, and that the new type described in the supplemental bill did not infringe the Young patent.

In view of the fact that in the opinion in the case of Meurer Steel Barrel Co. v. National Enameling & Stamping Co. and in the opinion in the case of Meurer Steel Barrel Co. v. Draper Mfg. Co., supra, the prior art is fully reviewed and the distinguishing features of the Young invention fully discussed, it is wholly unnecessary to burden this opinion with a restatement of these facts. It is sufficient to say that this court concurs in the conclusion reached by both of these courts in these several cases as to the validity of the Young patent. It is apparent, however, that there is practically very little novelty in this invention over the prior art. It is not claimed that there is anything new in the seam uniting the barrel and the head or in a chime ring. Whatever of invention there is in the Young device consists in the method of attaching the chime ring to this joint or seam, and the distinguishing feature of that method consists in the fact that the outer flange of the chime ring is bent under the interlocking joint or seam formed by folding the metals of the barrel end and head together. It follows, therefore, that while Young is entitled to protection as to this specific construction, he is not entitled to any broad range of equivalents.

While this joint seam in defendants' original type of construction differs materially from the joint or seam of the patent in suit, nevertheless it does form a shoulder on the outer side of the barrel under which shoulder the chime ring is clamped, not so far as in the Young invention, but far enough to perform an identical function, all of which will more fully appear by the following illustrations:

PATENT IN SUIT

CLEVELAND BARREL
(Defendants')

It is therefore apparent that the defendants' original type is, to the extent above specified, an infringement of the patent in suit.

In defendants' new type, the manner of attaching this chime ring to

the interlocking joint is wholly different from the method employed in its old construction, or in the patent in suit, and is substantially the same as in Reynolds, 621,540, which consists of a recess or depression on the inner side of the flange, into which the chime ring is fitted, and which holds it in place. This flange ring extends over the top and the outside of the interlocking joint, but its outer end is not fastened or folded under the shoulder on the outside, produced by the interlocking seam, which, as heretofore stated, is the sole advance of Young over the prior art. This new construction is shown in the following cut:

DEFENDANTS' "NEW" BARREL

This chime ring is held in place by this recess or shoulder on the inner side of the flange, and pressure on the upper and outer surface, as in Reynolds, which feature of construction Young particularly sought to avoid, as appears in lines 28 to 35, inclusive, of Young's specifications. It is clear, therefore, that the defendants' new type of construction is not an infringement of the Young patent.

For the reasons above stated, the decrees of the District Court, both on the original and the supplemental bills, are affirmed.